### IN THE IOWA DISTRICT COURT IN AND FOR MONTGOMERY COUNTY

| | |
|---|---|
| KYLE LAWRENCE STOKKE,<br>    PLAINTIFF, | CIVIL ACTION NO. LACV_____ |
| | **PETITION AT LAW<br>AND JURY DEMAND** |
| MONTGOMERY COUNTY MEMORIAL HOSPITAL, DAVID EARL ABERCROMBIE, PHYLLIS DRAKE, KASEY MUELLER, KIMBERLY ROBINSON AND KAYLA DYSON,<br>    DEFENDANTS. | |

COMES NOW Plaintiff, Kyle Lawrence Stokke, and for his causes of action, states as follows:

### RELEVENT LAW

1.      The action for Defamation is based on the provisions of Restatement (Second) of Torts § 558 and Iowa common law, the action for Intentional Infliction of Emotional Distress is based on the provisions of Restatement (Second) of Torts § 46 (1965) and Iowa common law, the action for Invasion of Privacy is based on the provisions of Restatement (Second) of Torts § 652 and Iowa common law, and the action for Violation of the Iowa Civil Rights Act and Americans with Disabilities Act is based on the provisions of Restatement (Second) of Torts § 905 and Iowa common law.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter as the value exceeds the small claims jurisdictional amount ($6,500.00), and all procedural requirements have been met.

3.      Venue is appropriate in this court as all actions complained herein occurred in Red Oak, Montgomery County, Iowa and Montgomery County Memorial Hospital is in Montgomery County, Iowa.

### PARTIES

4.      Plaintiff, Kyle Stokke (hereinafter "Stokke"), was at all times material hereto a citizen of the United States and a resident of Montgomery County, Iowa. Since the date of the incident,



EXHIBIT
A

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

Stokke has been forced to relocate to a different town and county.  Stokke currently resides at 311 18th Street, Spirit Lake, Iowa 51360.

5.        Defendant, Montgomery County Memorial Hospital (hereinafter "MCMH"), is, and was at all times material hereto, a county owned hospital, organized and operated under the laws of the State of Iowa, with its principal place of business located at 2301 Eastern Avenue, Red Oak, Montgomery County, Iowa.

6.        Defendant, David Earl Abercrombie (hereinafter "Abercrombie"), is, and was at all times material hereto, Chief Executive Officer of Montgomery County Memorial Hospital.  Upon information and belief, Abercrombie resides at 307 Eastern Avenue, Stanton, Montgomery County, Iowa.

7.        Defendant, Kayla Dyson (hereinafter "Dyson"), is, and was at all times material hereto, an employee of Montgomery County Memorial Hospital.  Dyson's current residence is unknown.

8.        Defendant, Phyllis Drake (hereinafter "Drake"), is, and was at all times material hereto, an employee of Montgomery County Memorial Hospital, and Stokke's immediate supervisor.  Upon information and belief Drake resides at 510-250th Street, Scranton, Greene County, Iowa.

9.        Defendant, Kasey Mueller (hereinafter "Mueller"), is, and was at all times material hereto, an employee of Montgomery County Memorial Hospital.  Mueller's current residence is unknown.

10.       Defendant, Kim Robinson (hereinafter "Robinson"), is, and was at all times material hereto, an employee of Montgomery County Memorial Hospital and served as manager of the Human Relations Department.  Upon information and belief Robinson resides at 1107 Eastern Avenue, Red Oak, Montgomery County, Iowa.

11.       Plaintiff is informed, believes, and thereon alleges that at all times relevant, each Defendant, was the agent, servant, representative and/or employee of MCMH; and that in doing the things hereinafter alleged, each Defendant was acting within the course and scope of his, her, or its authority as such agent, servant, representative and/or employee, with the permission, knowledge, consent and ratification of MCMH. Unless otherwise indicated, all Defendants are collectively referred to herein as the "Defendants".

2

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

## GENERAL ALLEGATIONS

12.     Stokke began working for MCMH as a respiratory therapist in the year 2007.

13.     Stokke was hired by MCMH as a respiratory therapist; his starting wage was $21.10 per hour.

14.      Abercrombie was MCMH's Chief Executive Officer during Stokke's employment as relevant to this litigation.

15.     Drake was Stokke's immediate supervisor during the term of Stokke's employment as relevant to this litigation.

16.     During his employment, Stokke received raises increasing his hourly rate to $23.45 an hour.  He continued to work as a respiratory therapist and was responsible for patient care.  When working weekends, Stokke often earned $27.00 - $28.00 per hour.  Stokke's work schedule was to provide every ninth weekend off however, Stokke only received two weekends off of work per year.  Stokke was constantly on-call five to seven days a week, also on holidays.

17.     Stokke suffers from a medical condition commonly known as ankylosing spondylitis (hereafter A.S.).  The disease is an incurable genetic condition causing severe inflammation and pain throughout the joints in the body.  Multiple methods of pain management must be employed in order to maintain mobility.  Stress aggravates the condition.  At the time of hiring and at all time relevant to this case, Stokke has endured the symptoms/pain caused by this condition.

18.      On or about the 11th day of March 2018, Stokke fell to his knee while walking towards the pavilion in the hospital.

19.     Two nurses, Amanda Watson and Amanda Baldwin, witnessed Stokke's fall and attempted to provide assistance.

20.     Stokke contacted Drake via text message to inform her of the incident. Drake knew of Stokke's medical condition and was aware that Stokke's knee had given out on other occasions.

21.     Drake informed Stokke that he needed to report to the emergency room to file a workman's compensation claim.

22.     While reporting to the emergency room, there were two (2) patients being admitted to the hospital that required emergency/immediate respiratory treatment.

3

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

23.     Consulting physician Edward Pillar (hereinafter "Dr. Pillar"), authorized Stokke putting one patient on a bi-pap machine at low settings. Once the patient was stabilized, Stokke assisted in moving him to the ambulatory care unit.

24.     Following, Stokke returned to the emergency room and, upon request, assisted a nurse anesthetist intubate the second trauma patient.

25.     After assisting other hospital staff in caring for their patients, Stokke had an x-ray completed of his knee by physician assistant, Cassandra Mueller (hereinafter "Mueller").

26.     Thereafter Stokke returned to the patient in the ambulatory care unit to complete an arterial blood gas analysis.

27.     Upon completion of the ABG, Stokke returned to the emergency room and was informed by Mueller that she needed to be see him privately.

28.     Stokke accompanied Mueller to a private room for discussion.   Mueller was accompanied by nurse, Dale Stogdill, who was present for the entire conversation.  Mueller informed Stokke that he was being sent home as he was a hazard to his patients.

## COUNT I- LIBEL (SLANDER) PER SE

29.   Plaintiff repleads paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

30.   Defendant orally communicated to Plaintiff's co-workers, clients and/or prospective employers, false statements about the Plaintiff, claiming that Stokke made terroristic threats against /towards MCMH and its occupants.

31.   Defendant MCMH's administrative staff contacted the Plaintiff's personal physician, Michael Mahoney M.D., and requested that the doctor commit the Plaintiff, claiming he was a danger to himself and others and that Plaintiff had made terroristic threats.

32.   Defendant's allegations are false and were known by Defendant to be false at the time they were made; in the alternative, the allegations were made with a reckless disregard for whether or not they were false.

33.   The communications are defamatory per se in that the Stokke could have been charged with an indictable crime and that such communications have injured him in his business or trade and in his social interactions within the community; the statements attack Stokke's veracity and reputation as an esteemed professional in Montgomery County.

4

34.   Defendant has caused these false and defamatory statements to be published to third parties.

35.   The false accusations were attacks on the integrity and moral character of Stokke and gave the impression that he was a dangerous man to be feared by others.

36.   The false accusations were directly related to Stokke's ability to perform his employment duties at MCMH. Reliance on the false accusations was the cause of Stokke's termination from MCMH. The false accusations damaged the reputation of Stokke within MCMH as well as within the Montgomery County, Iowa community.

37.   The statements are entirely false as they pertain to Stokke, and are defamatory, slanderous on their face, and exposed Stokke to the hatred, contempt, ridicule, and obloquy of the Montgomery County, Iowa community.

38.   These statements, made to members of the medical community in Montgomery County, Iowa, were understood by those who heard them in a way that defamed the reputation of Stokke as a well-respected, hard-working professional; the statements alleged and implied that was Stokke a threat and danger to everyone within the hospital and community.

39.   The false and defamatory statements and communications of Defendant were not privileged.

40.   Upon information and belief, Defendants, each of them, failed to use reasonable care to determine the truth or falsity of the statements. Upon information and belief, the wrongful conduct of the Defendants, each of them, was a substantial factor in causing Stokke harm, including but not limited to harm to Stokke's trade, profession, and/or occupation, expenses Stokke had to pay as a result of the defamatory statements, harm to Stokke's reputation, harm to the doctor/patient relationship Stokke enjoyed with his primary care physician, harm to Stokke's mental and physical health, harm to Stokke's wife/child and the families' standing in the community and all other harms assumed by law.

41.   Upon information and belief, by engaging in the above conduct, Defendants, and each of them, acted with malice, oppression, and/or fraud, entitling Stokke to exemplary and punitive damages in addition to compensatory damages.

42.   Plaintiff was defamed and damaged in name, reputation and business.

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

43.   Plaintiff also incurred costs, expenses, counsel frees, loss of time and inconvenience in bringing this action.

## COUNT II- LIBEL (SLANDER) PER QUOD

44.   Plaintiff repleads paragraphs one (1) through forty-four (44) as if fully set forth herein.

45.   Defendant has orally communicated to Plaintiff's co-workers, patients and/or prospective employers, false statements about the Plaintiff having made terroristic threats against towards MCMH and its occupants.

46.   Defendant's allegations are false and were known by Defendant to be false at the time they were made; with a reckless disregard for whether or not they were false.

47.   The false and defamatory statements and communications of Defendant were not privileged.

48.   The statements made by the Defendant, adopted and propagated by MCMH and the county of Montgomery, resulted in damage to Stokke's reputation, perceived capabilities in his profession, exposure to hatred and contempt within his community, termination from MCMH, and to his physical and mental health.

49.   Upon information and belief, Defendants, each of them, failed to use reasonable care to determine the truth or falsity of the statements. Upon information and belief, the wrongful conduct of the Defendants, each of them, was a substantial factor in causing Stokke harm, including but not limited to harm to Stokke's trade, profession, and/or occupation, expenses Stokke had to pay as a result of the defamatory statements, harm to Stokke's reputation, harm to the doctor/patient relationship Stokke enjoyed with his primary care physician, harm to Stokke's physical and mental health, harm to Stokke's wife/child and the families' standing in the community and all other harms assumed by law.

## COUNT III-LIBEL (SLANDER) BY IMPLICATION

50.   Plaintiff repleads paragraphs one (1) through forty-nine (49) as if fully set forth herein.

51.   Defendants slandered the Plaintiff by implication.

52.   By information or belief, defendants left out facts, or combined statements in a way that intentionally conveyed false meaning.

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

53.   Defendants participated in several meetings on or about the 12th day of March 2018 wherein the Plaintiff was a subject matter of discussion.

54.   Defendants implied that the hospital was on lockdown because the Plaintiff made terroristic threats toward the hospital staff/occupants.

55.   Defendants were aware that the Plaintiff was coming to the hospital to meet his personal physician, Dr. Mahoney.

56.   Defendants contacted law enforcement implying that the Plaintiff was a threat to the hospital staff and patients.

57.   Upon Plaintiff's arrival to the hospital, there were five (5) police vehicles present.

58.   On or about the 13th day of March 2018, the Plaintiff returned to MCMH for an appointment with Dr. Mahoney.

59.   Defendant Phyllis requested that the Plaintiff visit Defendant Abercrombie following the appointment with his physician.

60.   Plaintiff was escorted by sheriffs through the hospital, in front of all of his co-workers and peers, to and from his appointment with Abercrombie.

61.    Defendants implied that the Plaintiff was a danger to others by requesting the presence of law enforcement when the Plaintiff attended his appointments with his physician.

### COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.   Plaintiff repleads paragraphs one (1) through sixty-one (61) as if fully set forth herein.

63.   Defendants knowingly made outrageous false statements alleging the Plaintiff made terroristic threats and insinuating that he was a dangerous man to be feared. Such conduct by the Defendants went beyond all possible bounds of decency and may be regarded as atrocious and utterly intolerable in a civilized community.

64.   Defendants had the Plaintiff banned from the property where his primary care physician's office is located, preventing Stokke from obtaining medical treatment critical to his care and well-being.

65.   Defendants banned Stokke from the property thus preventing Plaintiff from attending his young son's surgery.

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

66.   Stokke's spouse was monitored by Defendant Ambercrombie while she was in the hospital for the child's surgery.

67.   Defendant's conduct was outrageous and done with the intent to or reckless disregard of the probability of causing Plainitff emotional distress.

68.   Stokke is suffering severe or extreme emotional distress including, but not limited to: grief, shame, humiliation, embarrassment, anger, disappointment and worry.  No reasonable person should be forced to suffer this emotional burden.

69.   As a proximate result of Defendants' intentional or reckless acts, Plaintiff suffered sever or extreme emotional distress.

70.   Additionally, Defendant's outrageous conduct is the actual and proximate causation of aggravated medical decline and enhanced physical pain.

## COUNT V-WRONGFUL DISCHARGE FROM EMPLOYMENT

71.   Plaintiff repleads paragraphs one (1) through seventy (70) as if fully set forth herein.

72.   Plaintiff was employed by Defendant MCMH from July 2, 2007 until March 13, 2018 when the Plaintiff was placed on unpaid leave and ultimately terminated by the Defendant.

73.   Defendant MCMH discharged the Plaintiff because of his disability after approximately eleven and a half (11 ½) years of employment as a respiratory therapist.

74.   During Plaintiff's employment, he was commended by multiple physicians and other medical professionals for his outstanding work ethic and skills.

75.   Plaintiff's medical condition in no way deterred or prevented him from meeting and exceeding all physical requirements of his employment.

76.   Plaintiff having a disability is protected by public policy which supports him being employed in the state service, the service of the political subdivisions of the state, the public schools, and all other employment supported in whole or in part by public funds such as employment with Defendant MCMH.

77.   The rights of persons with disabilities would be undermined by the Plaintiff's discharge from employment.

78.   Plaintiff being a person with a disability was engaged in employment and he was discharged from his position without justification.

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

79.   As a result of Plaintiff's termination, Plaintiff has sustained damages.

## COUNT VI-INVASION OF PRIVACY

80.   Plaintiff repleads paragraphs one (1) through seventy-nine (79) as if fully set forth herein.

81.   Upon information and belief, Defendants intentionally intruded into matters of Plaintiff's mental and physical health and relayed such information in a manner that impaired Plaintiff's peace of mind and comfort.

82.   Plaintiff had a right to expect privacy.

83.   Plaintiff's right to privacy in respect of Plaintiff's condition was unreasonably and offensively invaded.

84.   Defendant's intrusion was highly offensive to Stokke and would be highly offensive to a reasonable person and such is not of legitimate concern to the public.

85.   As a proximate result of Defendants' invasion of Plaintiff's privacy, Plaintiff has sustained injuries and damages including, but not limited to, mental anguish, humiliation, embarrassment and inconvenience.

## COUNT VII-VIOLATION OF THE IOWA CIVIL RIGHTS ACT AND AMERICANS WITH DISABILITIES ACT

86.   Plaintiff repleads paragraphs one (1) through eighty-five (85) as if fully set forth herein.

87.   Prior to his employment with Defendant, Plaintiff had been treated for his disability, to-wit: ankylosing spondylitis.

88.   At all times material to this suit, Defendants failed to accommodate Plaintiff's disability in violation of Iowa Code Chapter 216, the Americans with Disabilities Act, Council Bluffs Municipal Code §1.400.080 and Iowa common law.

89.   At all times material to this suit, Defendants regarded Plaintiff as having a physical disability.  Defendants' actions in firing Plaintiff because of his physical disability, constituted illegal discrimination against a qualified individual with a disability, and therefore, violated Iowa Code Chapter 216, the Americans with Disabilities Act, Council Bluffs Municipal Code §1.400.080 and Iowa common law.

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

90.   Defendants' violation of Plaintiff's rights was intentional or in reckless disregard of his rights under Iowa Code Chapter 216, the Americans with Disabilities Act, Council Bluffs Municipal Code §1.400.080 and Iowa common law.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants for all general, special, exemplary and punitive damages as allowed by law in sum to be proven at trial; that the Defendants' be held jointly and severally liable for the damages awarded herein; that the Defendants' be assessed the costs and fees incurred herein including, but not limited to Plaintiff's attorney fees; that a judgement be entered against the Defendants' with interest as provided by statute; and for such other and further relief as the Court may deem just and proper in the premises.

## JURY DEMAND

Plaintiff demands a jury trial on all counts to be tried herein.

Respectfully submitted this 5th day of September 2019.


By:____/s/ Kyle E. Focht_____
Kyle E. Focht – ATT00003968
Focht Law
229 South Main Street
Council Bluffs, Iowa 51503
Telephone: (712) 828-4896
Facsimile : (712) 355-5260
E-mail:  kfochtlaw@gmail.com
Attorney for Plaintiff

# VERIFICATION

STATE OF IOWA          )
                       )  SS:
COUNTY OF DICKINSON    )

I, Kyle Stokke, being first duly sworn on oath, states that he is the person named as Plaintiff in the foregoing pleading, and that he has read the same and knows the contents thereof, and that all statements and allegations therein are true, as said affiant verily believes.

Kyle Stokke, Plaintiff

Subscribed and sworn to before me by Kyle Stokke this 27 day of August 2019.

ANDREW J. SCHULTZ
Commission Number 756519
MY COMMISSION EXPIRES
JANUARY 12, 20 21

Notary Public

11

S

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT IN AND FOR MONTGOMERY COUNTY

| | |
|---|---|
| KYLE LAWRENCE STOKKE, <br>     PLAINTIFF, | CIVIL ACTION NO. LACV_____ <br><br> **ORIGINAL NOTICE** |
| MONTGOMERY COUNTY MEMORIAL HOSPITAL, DAVID EARL ABERCROMBIE, PHYLLIS DRAKE, KASEY MUELLER, KIMBERLY ROBINSON AND KAYLA DYSON, <br>     DEFENDANTS. | |

TO THE ABOVE-NAMED DEFENDANT: Montgomery County Memorial Hospital

You are notified that a Petition at Law and Jury Demand has been filed in the office of the clerk of this court, naming you as the Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorney for the Petitioner is Kyle E. Focht, whose address is 229 South Main Street, Council Bluffs, Iowa 51503.

You must serve a Motion or Answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your Motion or Answer with the Clerk of Court for Montgomery County, at the county courthouse in Red Oak, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you need assistance to participate inn court due to a disability, immediately call your district ADA coordinator at 712-328-5883. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinator cannot provide legal advice.**

**IMPORTANT**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED  2019 SEP 09 9:55 AM MONTGOMERY - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV021946

*County* Montgomery

*Case Title* KYLE LAWRENCE STOKKE VS MCMH ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(712) 328-5883** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 09/09/2019 09:55:54 AM



*District Clerk of* Montgomery          *County*

/s/ Lori DeKay

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT IN AND FOR MONTGOMERY COUNTY

| | |
|---|---|
| KYLE LAWRENCE STOKKE,<br>    PLAINTIFF, | CIVIL ACTION NO. LACV_____ |
| | **ORIGINAL NOTICE** |
| MONTGOMERY COUNTY MEMORIAL<br>HOSPITAL, DAVID EARL ABERCROMBIE,<br>PHYLLIS DRAKE, KASEY MUELLER,<br>KIMBERLY ROBINSON AND KAYLA<br>DYSON,<br>    DEFENDANTS. | |

TO THE ABOVE-NAMED DEFENDANT: David Earl Abercrombie

You are notified that a Petition at Law and Jury Demand has been filed in the office of the clerk of this court, naming you as the Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorney for the Petitioner is Kyle E. Focht, whose address is 229 South Main Street, Council Bluffs, Iowa 51503.

You must serve a Motion or Answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your Motion or Answer with the Clerk of Court for Montgomery County, at the county courthouse in Red Oak, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you need assistance to participate inn court due to a disability, immediately call your district ADA coordinator at 712-328-5883. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinator cannot provide legal advice.**

**IMPORTANT**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR**
**INTERESTS.**

E-FILED 2019 SEP 09 9:55 AM MONTGOMERY - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV021946

*County* Montgomery

*Case Title* KYLE LAWRENCE STOKKE VS MCMH ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**

Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(712) 328-5883** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 09/09/2019 09:55:54 AM



*District Clerk of* Montgomery          *County*

/s/ Lori DeKay

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT IN AND FOR MONTGOMERY COUNTY

| | |
|---|---|
| KYLE LAWRENCE STOKKE,<br>    PLAINTIFF, | CIVIL ACTION NO. LACV_____ |
| | **ORIGINAL NOTICE** |
| MONTGOMERY COUNTY MEMORIAL<br>HOSPITAL, DAVID EARL ABERCROMBIE,<br>PHYLLIS DRAKE, KASEY MUELLER,<br>KIMBERLY ROBINSON AND KAYLA<br>DYSON,<br>    DEFENDANTS. | |

TO THE ABOVE-NAMED DEFENDANT: Phyllis Drake

You are notified that a Petition at Law and Jury Demand has been filed in the office of the clerk of this court, naming you as the Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorney for the Petitioner is Kyle E. Focht, whose address is 229 South Main Street, Council Bluffs, Iowa 51503.

You must serve a Motion or Answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your Motion or Answer with the Clerk of Court for Montgomery County, at the county courthouse in Red Oak, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you need assistance to participate inn court due to a disability, immediately call your district ADA coordinator at 712-328-5883. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinator cannot provide legal advice.**

**IMPORTANT**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED 2019 SEP 09 9:55 AM MONTGOMERY - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV021946

*County* Montgomery

*Case Title* KYLE LAWRENCE STOKKE VS MCMH ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(712) 328-5883** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 09/09/2019 09:55:54 AM



*District Clerk of* Montgomery        *County*

/s/ Lori DeKay

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR MONTGOMERY COUNTY

| | |
|---|---|
| KYLE LAWRENCE STOKKE,<br>    PLAINTIFF, | CIVIL ACTION NO. LACV_____ |
| | **ORIGINAL NOTICE** |
| MONTGOMERY COUNTY MEMORIAL<br>HOSPITAL, DAVID EARL ABERCROMBIE,<br>PHYLLIS DRAKE, KASEY MUELLER,<br>KIMBERLY ROBINSON AND KAYLA<br>DYSON,<br>    DEFENDANTS. | |

TO THE ABOVE-NAMED DEFENDANT: Kasey Mueller

You are notified that a Petition at Law and Jury Demand has been filed in the office of the clerk of this court, naming you as the Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorney for the Petitioner is Kyle E. Focht, whose address is 229 South Main Street, Council Bluffs, Iowa 51503.

You must serve a Motion or Answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your Motion or Answer with the Clerk of Court for Montgomery County, at the county courthouse in Red Oak, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you need assistance to participate inn court due to a disability, immediately call your district ADA coordinator at 712-328-5883. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinator cannot provide legal advice.**

**IMPORTANT**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED 2019 SEP 09 9:55 AM MONTGOMERY - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV021946

*County* Montgomery

*Case Title* KYLE LAWRENCE STOKKE VS MCMH ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(712) 328-5883**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 09/09/2019 09:55:54 AM



*District Clerk of* Montgomery          *County*

/s/ Lori DeKay

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR MONTGOMERY COUNTY

| | |
|---|---|
| KYLE LAWRENCE STOKKE,<br>    PLAINTIFF, | CIVIL ACTION NO. LACV_____ |
| | **ORIGINAL NOTICE** |
| MONTGOMERY COUNTY MEMORIAL HOSPITAL, DAVID EARL ABERCROMBIE, PHYLLIS DRAKE, KASEY MUELLER, KIMBERLY ROBINSON AND KAYLA DYSON,<br>    DEFENDANTS. | |

TO THE ABOVE-NAMED DEFENDANT: Kimberly Robinson

You are notified that a Petition at Law and Jury Demand has been filed in the office of the clerk of this court, naming you as the Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorney for the Petitioner is Kyle E. Focht, whose address is 229 South Main Street, Council Bluffs, Iowa 51503.

You must serve a Motion or Answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your Motion or Answer with the Clerk of Court for Montgomery County, at the county courthouse in Red Oak, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you need assistance to participate inn court due to a disability, immediately call your district ADA coordinator at 712-328-5883. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinator cannot provide legal advice.**

**IMPORTANT**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED 2019 SEP 09 9:55 AM MONTGOMERY - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV021946

*County* Montgomery

*Case Title* KYLE LAWRENCE STOKKE VS MCMH ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**

Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

---

*Scheduled Hearing:*

---

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(712) 328-5883** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 09/09/2019 09:55:54 AM



*District Clerk of* Montgomery *County*

/s/ Lori DeKay

E-FILED 2019 SEP 05 12:11 PM MONTGOMERY - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR MONTGOMERY COUNTY

| | |
|---|---|
| KYLE LAWRENCE STOKKE,<br>    PLAINTIFF, | CIVIL ACTION NO. LACV_____ |
| | **ORIGINAL NOTICE** |
| MONTGOMERY COUNTY MEMORIAL HOSPITAL, DAVID EARL ABERCROMBIE, PHYLLIS DRAKE, KASEY MUELLER, KIMBERLY ROBINSON AND KAYLA DYSON,<br>    DEFENDANTS. | |

TO THE ABOVE-NAMED DEFENDANT: Kayla Dyson

You are notified that a Petition at Law and Jury Demand has been filed in the office of the clerk of this court, naming you as the Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorney for the Petitioner is Kyle E. Focht, whose address is 229 South Main Street, Council Bluffs, Iowa 51503.

You must serve a Motion or Answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your Motion or Answer with the Clerk of Court for Montgomery County, at the county courthouse in Red Oak, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you need assistance to participate inn court due to a disability, immediately call your district ADA coordinator at 712-328-5883. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinator cannot provide legal advice.**

**IMPORTANT**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED  2019 SEP 09 9:55 AM MONTGOMERY - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV021946

*County* Montgomery

*Case Title*   KYLE LAWRENCE STOKKE VS MCMH ET AL

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(712) 328-5883**  .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*   09/09/2019 09:55:54 AM



*District Clerk of*  Montgomery        *County*

/s/ Lori DeKay